[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 10-15513 ; 11-11137
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cv-01070-EAK-TBM

ALFRED J. DAVIS,
CINDY DAVIS,

Plaintiffs - Appellants,

versus

ADMINISTRATOR OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY,
ACTING REGIONAL ADMINISTRATOR OF THE UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY REGION IV,
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

Defendants - Appellees,

CITY OF ST. PETERSBURG, FLORIDA, et al.,

Defendants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(September 15, 2011)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

This case was brought on June 9, 2009, when Appellants filed a complaint against the Environmental Protection Agency ("EPA"), its Administrator and Regional Administrator, the City of St. Petersburg ("City"), and the Southwest Florida Water Management District ("SWFWMD"). Before us in this appeal is Count IX of an amended complaint against the City and David L. Moore ("Moore"), in his capacity as Director of the SWFWMD; the EPA and its Administrators have been dismissed by stipulation.[1]

The gravamen of Count IX is that the City's "NPDES MS4[2] discharges into the Clam Bayou estuary are . . . violating the CWA [Clean Water Act] by continuing to cause and contribute to the ongoing violations of the water quality standards of D.O, Nutrients, Mercury, and Acute Toxicity (stormwater sediment

---

[1] Appellants' amended complaint substituted Moore in his official capacity for defendant SWFWMD. Counts X and XI are state law claims against the City and Moore based on continuing trespass and nuisance. After dismissing Appellant's federal claim, Count IX, the court declined to exercise supplemental jurisdiction over Counts X and XI.

[2] NPDES is an acronym for National Pollutant Discharge Elimination System. MS4 standands for Municipal Separate Storm Sewer Systems. "Polluted stormwater runoff is commonly transported through Municipal Separate Storm Sewer Systems (MS4s), from which it is often discharged untreated into local waterbodies. To prevent harmful pollutants from being washed or dumped into an MS4, operators [e.g., municipalities] must obtain a NPDES permit and develop a stormwater management program." U.S. Environmental Protection Agency, National Pollutant Discharge Elimination System (NPDES), http://cfpub.epa.gov/npdes/stormwater/munic.cfm.

contamination)" and that Moore is the . . . government official with the responsibility to have SWFWMD's stormwater discharges to Clam Bayou as a co-permittee of the City's MS4 permit comply with the limitations of the NPDES MS4 permit for the stormwater discharges to Clam Bayou. The SWFWMD's MS4 discharges into the Clam Bayou estuary are . . . violating the CWA by causing and contributing to the ongoing violations of the water quality standards of D.O, Nutrients, Mercury, and Acute Toxicity (stormwater sediment contamination). Amend. Comp. at 65-66.

The district court granted the City's and Moore's respective motions to dismiss Count IX pursuant to Federal Rule of Civil Procedure 12(b)(6). Appellants appeal those rulings and the district court's denial of their motions to alter and amend judgment. *See* Fed. R. Civ. P. 59(e). We affirm.

The district court granted the City's motion to dismiss because Appellants "failed to show the City's discharge of storm water exceeded the amount authorized by its [NPDES] permit; therefore, [Appellants] failed to meet the standing requirement of the Clean Water Act." Order, July 19, 2010 at 7.[3] In its order denying Appellants' Rule 59(e) motion, the court adhered to this holding

---

[3] Appellants failed to show that the discharge exceeded the amount authorized because they only alleged that the "City discharges 98% of the permitted discharges into Clam Bayou." Order, July 19, 2010 at 5.

and added this, as an additional basis for granting the City's motion to dismiss: "This Court finds no merit in the [Appellant's] 'water quality standard' argument because [Appellants] fail to demonstrate any convincing facts or law to reverse the Court's apprehension of the effluent limitations of the [M]S4 permit. Therefore, the Court did not err in granting the City's Motion to Dismiss as the [Appellant's] lack of standing." Order, November 18, 2010. We find no error in the district court's July 19 order, or an abuse of discretion in its November 18 order.

The district court granted Moore's motion to dismiss on the ground that the relief Appellants sought was retrospective and therefore barred by the Eleventh Amendment and that the *Ex Parte Young* doctrine did not apply. Order, July 19, 2010. In ruling on Appellants' Rule 59(e) motion, the court recognized that the doctrine applied to Appellants' claim for prospective relief but denied the motion because Appellants "do not have a claim under the Clean Water Act." Order, February 22, 2011 at 11. That is, Appellants "fail[ed] to allege that . . . Moore and the City have actually violated the permit conditions of the NPDES MS4 permit . . . to explicitly state what permit conditions [the City and Moore] are exactly violating."[4] We agree.

---

[4] In his brief in Appeal No. 11-11137, Moore represented that he, meaning SWFWMD, is not a co-permitee with the City. He said this:

AFFIRM.

---

In a futile attempt to support a claim against Mr. Moore for "Violation of NPDES MS4 Permit Limitation" (Count IX of the amended complaint), the Davises assert in their initial brief that Mr. Moore is "a co-permittee of the [City's] MS4 permit," citing 40 C.F.R. § 122.26(1)(b) for this assertion. However, 40 C.F.R. § 122.26(1)(b) defines a "co-permittee" as "a **permittee** to a NPDES permit that is only responsible for permit conditions relating to the discharge for which it is the operator." (emphasis supplied). Mr. Moore is clearly not a permittee to the City's NPDES MS4 permit (*see* Dist. App. 1 (MS4 Permit issued solely to the City)), and he is not a co-permittee as defined by secion 122.26(1)(b).

The district court, in denying Appellants' Rule 59(e) motion, apparently assumed for sake of argument that Moore, i.e., SWFWMD, was a co-permittee with the City.